Allen, J.
This case has been argued with great learning and ability; but time has not been afforded during the term to go into a review of all the authorities, or to discuss all the questions commented upon in the argument. I shall therefore content myself with a statement of the result to which an examination of the authorities and of the facts of this case has conducted me. The doctrine as to the main question involved, the right acquired by an assignee of the husband in the wife’s choses in action, has been most ably commented on in the cases of Purdew v. Jackson, 1 Russ. 1. and Honner v. Morton, 3 Russ. 65. 3 Cond. Eng. Ch. R. 298. and in a note to the latter is found an accurate report of the opinion of lord Hardwicke in Bates v. Dandy. The rule established in Bates v. Dandy, and recognized in both the cases cited after a full review of all the authorities, furnishes the law of this forum, from which it seems to me we have no right to depart. That rule is, that the husband has no power to give effect to a conveyance of property of this description, unless circumstances so turn out as to put him in a situation which would have enabled him to reduce the chose in action into possession. If at the time of the assignment he is in a condition to reduce the chose into possession, the assignment operates immediately : if he is afterwards in a condition to reduce it into possession, the assignment will then have full effect: but if he dies before the event happens on which it may be reduced into possession, the assignment becomes altogether inoperative.
The assignment, to deprive the wife of her right by survivorship, must be for a valuable consideration, and must also be special. A general assignment of the husband’s estate for the benefit of creditors, an assign *371 ment in bankruptcy, or an assignment under the insolvent laws, would not defeat the wife’s right to take by survivorship a present interest, capable of being reduced into possession, but not actually so reduced during the coverture.
Treating the divorce, in the case under consideration, as a civil death, I consider the interest of the wife in her father’s estate, at the time of the assignment, as a present interest susceptible of being reduced into possession ; that the assignment was a special assignment for value; and therefore that she could not take by survivorship.
I am also of opinion, that by the well settled doctrines of the english chancery court, the wife is entitled to an adequate settlement out of her estate, whenever the aid of the court of equity is invoked by the husband to get possession of such estate, if there has been no previous adequate provision made for her: that the assignee, though the assignment be special, occupies in this respect the same position with the husband: that this doctrine of the chancery court was well established and fully acted on, when courts of equity were first organized in this state: and that the chancery courts here are as much bound by this principle of equity, as by any other principle of equitable jurisprudence (not inconsistent with our institutions) which has not been modified or abrogated by express enactment. In this case the claim was asserted in the answer; and there is nothing in the record which shews that the wife was not entitled to a settlement.
I am further of opinion, that upon a view of all the circumstances, the residue coming from her father’s estate would not be more than an adequate provision for her ; and that further enquiry was unnecessary. It is proved that the husband had squandered the advances made to him by the wife’s father; that he had aban *372 doned her with a family of small children dependent on her for support; and that in consequence of his misconduct she had obtained a divorce. The extent of the interest in her father’s estate can only be inferred by reference to the consideration named in the deed of assignment. Taking the consideration expressed as the criterion of value, the amount would be but a small provision for a wife so situated. And it is not for the assignee to object that the consideration was grossly inadequate ; for in so doing, he would shew that the assignment was not made in good faith. The claim was made by the answer, proof was taken to sustain it, and the plaintiff failed to produce any evidence tending to prove that the whole would be more than an adequate provision.
The claim of the wife derives additional strength from her divorce, which deprives her of all claim on the husband hereafter : and as, in consequence of the divorce, she will be entitled to hold as a feme sole, it seems to me that the court did right in dismissing the bill.
Baldwin, J.
1 have not formed, and am not to be understood as expressing, any opinion upon the question whether the assignee from the husband, for valuable- consideration, of a chose in action of the wife not reduced into possession during the coverture, has a valid title against the wife surviving. Upon a view of all the circumstances of this case, I concur in the opinion that the decree should be affirmed.

Note by the reporter. A review of the cases brought sir Thomas Plumer and chancellor Kent to very different conclusions in regard to the extent to which provision might be made for the wife. In Beresford &c. v. Hobson &c. 1 Madd. C. R. p. 361 of eng. edi. and p. 199 of american edi. the former concluded his opinion as follows: “ In no case has the court given the whole to the wife. The question in most of the cases has been, how much the wife shall have; and in determining that, the court has exercised a discretion and has not tied itself down to any precise rule, but has never given the whole.” This case is referred to by chancellor Kent in the opinion which he gave in Kenny v. Udall, (afterwards affirmed in Haviland v. Bloom, 6 Johns. C. R. 180, 81.) that the wife’s equity, “if the case be deemed to require it, may be extended to the whole of the real and personal estate devised or descended.” The matter about which this difference of opinion existed, it will be perceived, was not particularly discussed by the counsel for the appellant in the present case, it being in his view premature for the court to pass upon it before a reference to a commissioner. In dispensing with such reference, the court has departed from what has been heretofore deemed the regular course; and the reporter thinks he does not go too far, when he ventures to suggest that the precedent furnished by this case for such departure ought to be very cautiously followed. For, upon a reference, facts may appear which are calculated to affect and ought materially to affect the judgment of the court. Suppose, for example, the court in the present case had directed a reference, and upon the report of a commissioner it had appeared “that Joseph Browning and his wife remained divorced only until this case was decided in the court below,” and that “immediately afterwards they were reunited in the holy state of matrimony, and have ever since been living together as man and wifecan it be doubted that the result of the case would have been very different from that which has taken place 1 It may be said that this is supposing an extreme case, which is not likely to occur. Eut the reporter is informed by William Green esquire, that the supposition is only of that which actually occurred in this case.